FILED

NOT FOR PUBLICATION

JUN 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES EDWARD WILLIAMS,

Plaintiff - Appellant,

v.

TABBAA MUMTAZ, Doctor; et al.,

Defendants - Appellees.

No. 12-16317

D.C. No. 5:10-cv-02715-RMW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

California state prisoner James Edwards Williams appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004), and we affirm.

The district court properly granted summary judgment because Williams failed to raise a genuine dispute of material fact as to whether defendants knew of and consciously disregarded a serious risk of harm to his health. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (setting forth objective and subjective prongs of deliberate indifference claim); *Toguchi*, 391 F.3d at 1059-1060 (neither a difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *see also Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) (§ 1983 does not provide a cause of action for alleged violations of state law).

We do not consider matters raised for the first time on appeal. *See Dream Palace v. County of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004) (explaining the reasons for not considering new arguments on appeal, i.e., that doing so would deprive the court of appeals "of a fully developed factual record" and "the benefit of the district court's prior analysis").

Williams's pending motions are denied.

**AFFIRMED.**